UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chad Bledsoe,

    Plaintiff,                                       Case Action No.: 1:09cv564

    v.                                              Judge Michael R. Barrett

Commissioner of Social Security,

    Defendant.

## ORDER

This is a Social Security appeal brought under 42 U.S.C. § 405(g).  Before the Court is Magistrate Judge J. Gregory Wehrman's August 31, 2010, Report and Recommendation ("Report") (Doc. 17).  In the Report, Magistrate Judge Wehrman recommends that the Administrative Law Judge's ("ALJ") decision to deny Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") be reversed and that this matter be remanded under sentence four of 42 U.S.C. § 405(g).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner.  *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).[1]  Plaintiff filed timely Objections to the Report (Doc. 19), and Defendant filed a Response (Doc. 20).  For the reasons stated below, the Court overrules Defendant's Objections and the Report is ADOPTED.  Accordingly, the Commissioner's decision is REVERSED and REMANDED.

---

[1] A notice was attached to the Report regarding objections.  (Doc. 17, 15–16; Doc. 18.)

1

**I.        Background**

The Report and the ALJ's decisions, supplemented by the Plaintiff's and Defendant's briefs, accurately detail the facts and procedural history of the case. (*See* Doc. 17, 1–4; Tr. 16–17; Tr. 51–55; Doc. 8, 1–11; Doc. 14, 1–11.) They will not be repeated here.

In his Report, Magistrate Judge Wehrman found that remand is required, first, because the ALJ did not explain the rejection of certain limitations in the state-agency physician's residual functional capacity ("RFC") assessment, thus depriving this Court of the ability to conduct a meaningful review. (Doc. 17, 9.) As the Report details, ALJ Edison adopted the mental limitations described by the reviewing psychologists in their mental RFCs, but he only adopted certain limitations described by state-agency reviewer Dr. Bancks. ALJ Edison failed to include the following limitations: nonrepetitive use of the bilateral upper extremities; never climb ladders, ropes, or scaffolds; only occasionally balance, stoop, or crouch; and avoid concentrated exposure to extreme cold, extreme heat, vibration, and hazards. ALJ did not explain why he excluded these limitations. This is relevant because ALJ Smith adopted the RFC determinations of ALJ Edison without considering Dr. Bancks's additional limitations. (Doc. 17, 6.)

Magistrate Judge Wehrman also found remand necessary because the record is unclear as to whether Dr. Sanchez's treatment notes are part of the record and because his opinion may not have been given proper weight. (Doc. 17, 11.) The Report additionally recommended remand because the ALJ gave no weight to Ms. Wells's opinion relating to Plaintiff's use of a cane. (Doc. 17, 13.) In total, the Report recommended that the decision of the Commissioner be reversed and remanded and

that the ALJ be instructed to: (1) determine if the record contains treatment notes from Dr. Sanchez, and/or obtain treatment notes from Dr. Sanchez; (2) reevaluate the weight given to Dr. Sanchez's opinion in light of any supporting treatment notes; (3) properly weigh the medical evidence and provide a thorough and complete analysis of the weight assigned to each opinion in accordance with SSR 96-2p; (4) reevaluate the weight afforded to Ms. Wells in accordance with SSR 06-03p[2] and reconsider Plaintiff's use of a cane, and if necessary, incorporate such use into Plaintiff's RFC; and (5) provide an accurate RFC based on all relevant medical and non-medical evidence and clearly articulate the rationale underlying the decision, including the basis for including or rejecting the limitations found by medical sources. (Doc. 17, 14–15.)

Defendant maintains the following objections: (1) the ALJ's physical RFC finding is supported by medical evidence and any failure to include all Dr. Bancks's limitations was harmless error (Doc. 19, 1–2); (2) the ALJ reasonably rejected Dr. Sanchez's opinion (Doc. 19, 2–3); and (3) the ALJ reasonably rejected Ms. Wells's opinion regarding Plaintiff's use of a cane (Doc. 19, 3–4). Each of these will be addressed in turn.

**II.    Analysis**

    **A.    Standard of Review**

When objections are received to a magistrate judge's Report and Recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

---

[2] The Magistrate Judge inadvertently cited Social Security Ruling 06-06p when he clearly meant to cite Social Security Ruling 06-03p. (*See* Doc. 17, 12.)

3

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

The Court's review of the Social Security Commissioner's decision is limited to determining whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 521 (6th Cir. 2008) (internal quotations omitted).

The substantial evidence standard presupposes that "there is a zone of choice within which the [ALJ] may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (internal citations omitted) (*quoting Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky*,

35 F.3d at 1035 (*citing Mullen*, 800 F.2d at 545). However, even where there is substantial evidence, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

The Social Security Act defines disability as the inability to do any substantial gainful activity because of any medically determinable physical or mental impairment that can result in death or that can last at least twelve months.[3] 20 C.F.R. § 404.1505(a). Disability claims are evaluated under a five-step sequential process. 20 C.F.R. § 404.1520(a)(4). The burden of proof is on the claimant through the first four steps; the burden shifts to the Social Security Administration in step five. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). However, the claimant bears the ultimate burden of proving that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a).

Step one of the sequential process requires determining whether the claimant is engaging in substantial gainful activity. If not, the inquiry moves to step two, which determines whether the claimant's impairments, individually or in combination are "severe." If a severe impairment is found, step three asks whether the claimant's impairment meets or medically equals the requirements of any impairment in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1. If the claimant's impairment is not of listing-level severity, then step four asks whether the claimant has

---

[3] The regulations governing the determination of disability for DIB are found at 20 C.F.R. § 404.1501 *et seq.* The SSI regulations are substantially identical to the DIB regulations and are set forth at 20 C.F.R. § 416.901 *et seq.*

the RFC to perform past relevant work.  If the claimant shows that she cannot perform past relevant work because of impairments, the Social Security Administration, in step five, must then identify other jobs existing in significant numbers in the national economy that the claimant can perform.  20 C.F.R. § 404.1520(a)(4).

If at any point it is determined that the claimant is or is not disabled, the inquiry stops.  *Id.*  For example, if the ALJ determines at step four that the claimant can perform past relevant work, the ALJ need not complete the sequential analysis.  *See id.* However, if the ALJ errs in finding that the claimant can perform past relevant work, the reviewing court should remand the matter for further consideration.  *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) ("If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.")

**B.    First Objection**

Defendant's first overall objection is that the ALJ's physical RFC finding is supported by medical evidence and any failure to include all Dr. Bancks's limitations was harmless error.  (Doc. 19, 1–2.)  More specifically, Defendant first argues that when read as a whole, the ALJ's decision explains why Dr. Bancks's additional limitations were not incorporated into the physical RFC findings.  (Doc. 19, 2.)  However, Magistrate Judge Wehrman found that because neither ALJ Edison nor ALJ Smith provided any explanation for omitting certain of Dr. Bancks's physical limitations, this constituted a reversible error of law.  This Court agrees.

6

### 1. An Error of Law

ALJ Edison's RFC finding was that Plaintiff had the "capacity to perform light work except he cannot perform jobs requiring complex instructions or a significant amount of interaction with the public." (Tr. 53.) In formulating this finding, he stated the following:

> [T]he residual functional capacity conclusions reached by the physicians employed by the State Disability Determination Services also support a finding of 'not disabled.' Although those physicians were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions. These physicians concluded that the claimant could perform unskilled light work.

(Tr. 55-56.) But it is not entirely accurate to say that the state-agency reviewers "concluded that the claimant could perform unskilled light work." (Tr. 56.) ALJ Edison failed to take into account Dr. Bancks's stated limitation on nonrepetitive use of the bilateral upper extremities (Tr. 370), the limitation on never climbing ladders, ropes, or scaffolds (Tr. 371), the limitation only occasionally balancing, stooping, or crouching (Tr. 371), or the limitation on avoiding concentrated exposure to extreme cold, extreme heat, vibration, or hazards (machinery, heights, etc.) (Tr. 373). ALJ Edison did not consider this evidence in making his RFC finding.

As for ALJ Smith, she made the same error (perhaps unknowingly) by adopting ALJ Edison's RFC finding. In making the identical RFC finding as ALJ Edison (Tr. 18), she stated:

> As ALJ Edison noted, the state agency opinions deserve significant weight, particularly in a case like this, in which there are no credible treating source statements and there

7

> are, additionally, a number of other reasons to reach similar conclusions. Therefore, these opinions are given significant weight and no changes are made to ALJ Edison's residual functional capacity.

(Tr. 23.) ALJ Smith and ALJ made the identical RFC finding, relying on the state agency opinions, but neither of them explained why they omitted Dr. Bancks's additional limitations. (*See* Tr. 18–23; Tr. 53–56.)

Title 20 C.F.R. § 404.1527(f)(2)(ii) states that for opinions of state-agency medical or psychological consultants, "[u]nless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . ." Additionally, Social Security Ruling 96-6p states that for the findings of fact made by state-agency medical and psychological consultants, an ALJ "must explain the weight given to these opinions in their decisions." SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996). As Magistrate Judge Wehrman concluded, ALJ Smith failed to apply the correct standard of law where she did not explain the weight given to the opinion of state-agency reviewer Dr. Bancks. (Doc. 17, 7.)

In response to this conclusion, Defendant argues that when read as a whole, the ALJ's decision explains why Dr. Bancks's additional limitations were not incorporated into the physical RFC findings. (Doc. 19, 2.) This argument falls short because, as the Magistrate Judge detailed, the ALJ's failure to articulate with specificity the reasons for her findings and conclusions "deprives the Court of the ability to conduct any meaningful review." (Doc. 17, 9) (*citing Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001)).

This Court cannot conclude, as Defendant argues, that when read as a whole, ALJ Smith's decision explains her RFC finding. There is simply no basis on which to

8

make such a conclusion—a meaningful review is not possible. ALJ Smith's RFC discussion does not mention Dr. Bancks at all. (*See* Tr. 18–23.) Her reliance on ALJ Edison's RFC finding without considering that he may have failed to account for Dr. Bancks's opinion appears to be a simple oversight on her part. Regardless, such oversight is an error of law.

### 2. Harmless Error

An ALJ's failure to apply the correct standards of law does not automatically require reversal. *Barcelona v. Astrue*, No. 3:06cv382, 2008 WL 321306, at *6 (S.D. Ohio Feb. 1, 2008). Such errors of law may be harmless. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004).

Defendant argues that even if ALJ Smith failed to apply the correct standard of law, this oversight was harmless error because, "even if the ALJ had found that Plaintiff had all of the limitations described by Dr. Bancks, Plaintiff would still be able to perform these jobs [checker, route aid, and microfilm mounter]." (Doc. 19, 2.) Defendant maintains that any remand would be "an idle and useless formality." (Doc. 19, 2.)

Defendant has made this same argument once already (Doc. 14, 18–19; Doc. 17, 8.), and in making it again here, Defendant fails to address Magistrate Judge Wehrman's response that the ALJ's error deprives this Court of the ability to conduct a meaningful review. (Doc. 17, 9.) As the Magistrate Judge stated, without such a review, "this court is left wholly to speculate on the reasons for the ALJ's omission of the additional limitations outlined by the state agency physicians." (Doc. 17, 9.) This Court agrees.

As the Sixth Circuit stated in *Wilson v. Commissioner of Social Security*, 378

9

F.3d 541 (6th Cir. 2004), even where the decision of the Commissioner is supported by substantial evidence, reversal is required where the agency fails to follow its own procedural regulations and where the regulation was intended to protect applicants. *Id.* at 544. "It is an elemental principle of administrative law that agencies are bound to follow their own regulations." *Id.* at 545. And even where an aggrieved party may appear to have little chance of success on the merits, that does not make a procedural error harmless. *Id.* at 546. "To hold otherwise . . . would afford the Commissioner the ability to violate the regulation with impunity and render the protections promised therein illusory." *Id*; see also Chief Judge Posner's holding that "we cannot uphold a decision by an administrative agency . . . if, while there is enough evidence in the record to support the decision, the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996).

Following this guidance, this Court must adopt Magistrate Judge Wehrman's recommendation—ALJ Smith's error of law was not harmless. Thus, Defendant's first objection is overruled.

### C. Second Objection

Magistrate Judge Wehrman also found that it is unclear whether the record contains treatment notes from Dr. Sanchez. He recommended that the case be remanded so that the ALJ can determine if Dr. Sanchez's treatment notes are part of the record, and if not, so the ALJ can obtain those notes and reevaluate the weight given to Dr. Sanchez's opinion and to provide an accurate RFC assessment. (Doc. 17, 11.) Defendant's second objection is that the ALJ reasonably rejected Dr. Sanchez's

10

opinion about Plaintiff's work-related mental limitations. Defendant argues that Dr. Sanchez's opinion is not entitled to significant weight because it was unsupported by the evidence of record. More specifically, Defendant argues that Dr. Sanchez's length of treatment was limited (only three months) and that he provided little explanation for his opinion. (Doc. 19, 2–3.)

Whether or not the record contains an explanation of Dr. Sanchez's opinion is unclear. ALJ Smith stated that "[w]e have no treatment records from Dr. Sanchez . . . ." (Tr. 22.) Thus, he found that Dr. Sanchez's opinion was "internally inconsistent" and "completely unexplained," and that because of this, Dr. Sanchez's opinion "cannot reasonably be given any weight." (Tr. 22.) However, Plaintiff asserts that Dr. Sanchez's treatment notes may in fact be part of the record. (Doc. 15, 2.) This Court is unconvinced of this fact, (*see* Tr. 237, 247, 255–56, 258, 260–62, 264–65, 273, 275, 278–79, 281, 283–85, 287–88), but regardless, the situation needs clarification.

Social Security Ruling 96-5p states the following:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

SSR 96-5p, 1996 WL 374183, at *6 (July 2, 1996). The Sixth Circuit has clarified this by stating, "an ALJ is required to re-contact a treating physician only when the information received is inadequate to reach a determination on claimant's disability status, not where . . . the ALJ rejects the limitations recommended by that physician." *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 n.3 (6th Cir. 2009). Title 20 C.F.R. §

11

404.1512 agrees where it states that when evidence from a treating physician is inadequate, the treating physician will be recontacted to see if additional evidence or clarification is available. 20 C.F.R. § 404.1512(e)(1). Furthermore, as the United States Supreme Court stated, "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits . . . ." *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (*citing Richardson v. Perales*, 402 U.S. 389, 400-01 (1971)).

Because ALJ Smith found that she had no treatment records from Dr. Sanchez and that his opinion was "unexplained," this triggered a duty to re-contact Dr. Sanchez and seek clarification. *See* SSR 96-5p, 1996 WL 374183, at *6 (July 2, 1996); *Poe*, 342 F. App'x at 157 n.3. This is doubly clear given that the Appeals Council instructed ALJ Smith to obtain updated medical evidence, to consider the opinion of Dr. Sanchez, and if necessary to obtain evidence from a medical expert. (Tr. 97.) Therefore, Defendant's arguments that Dr. Sanchez's opinion was not entitled to significant weight because it was unsupported by the evidence of record misses the point. If the record was not properly developed to account for Dr. Sanchez's opinion, then of course it will appear as if the record does not support his opinion. Defendant may or may not be correct that Dr. Sanchez's opinion is unsupported, but without having a complete record, this question is unanswerable. Thus, Defendant's second objection is overruled, and the Magistrate Judge's recommendations in this respect are adopted.

### D. Third Objection

Magistrate Judge Wehrman also recommends that the ALJ revisit the weight given to Ms. Wells, a nurse practitioner, concerning Plaintiff's need to use a cane and his ability to perform light work. (Doc. 17, 13.) Defendant's third and final objection is

that the ALJ reasonably rejected Ms. Wells's opinion regarding Plaintiff's use of a cane because the record did not support her opinion.  (Doc. 19, 3–4.)

Ms. Wells, in completing an application for a Disabled Person's Parking Permit, opined that Plaintiff was unable to walk without the use of a cane, which she prescribed to him.  In dealing with this evidence, ALJ Smith stated that "[t]he nurse is not an acceptable medical source for establishing a medically determinable impairment . . . ."  (Tr. 20.)  However, as the Magistrate Judge detailed, 20 C.F.R. §§ 404.1513 and 416.913 both state that evidence from nurse practitioners may be valid.  Furthermore, Social Security Ruling 06-3p states that an opinion from a nurse practitioner (and other sources who are not "acceptable medical sources") may outweigh the opinion of an acceptable medical source in some circumstances.  "Thus, even as a nurse practitioner, Ms. Wells' opinion, if properly supported, may have been given more weight pursuant to SSR 06-3p."  (Doc. 17, 12.)

Magistrate Judge Wehrman found that in weighing the evidence, "the ALJ in part impermissibly acted as her own medical expert," by determining that Plaintiff's sex change might distort bone density test results.  (Doc. 17, 13)  There was no evidence to suggest that Plaintiff's sex change affected Plaintiff's bone density tests.  (*See* Tr.)  An ALJ is not permitted to substitute her own medical judgment for that of a treating physician and may not make her own independent medical findings.  *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (*citing Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006) and *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).  "'[A]n ALJ is not free to set his own expertise against that of a physician who presents competent evidence.'"  *McCain v. Director, Office of Workers Compensation*

*Programs*, 58 F. App'x 184, 193 (6th Cir. 2003) (*citing Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985)). Because of this error, the Report recommends that the ALJ revisit the weight assigned to Ms. Wells's opinion regarding Plaintiff's use of a cane and ability to perform light work. (Doc. 17, 13.)

Defendant does not address this error. (*See* Doc. 19.) Accordingly, this Court agrees with the recommendation that because this case is to be remanded for the above reasons, it is reasonable to ask the ALJ to reevaluate the weight assigned to Ms. Wells's opinion as well. Thus, Defendant's third objection is overruled.

### III. Conclusion

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

Based on the foregoing, the Court finds that the Magistrate Judge's recommendation that this matter be remanded is correct. But a judicial award of benefits is unwarranted here because all essential factual issues have not been resolved and the record does not adequately establish Plaintiff's clear entitlement to benefits. *See Faucher*, 17 F.3d at 176 ("A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.")

Therefore, it is ORDERED that Magistrate Judge Wehrman's Report (Doc. 17) is hereby ADOPTED. The decision by the Commissioner is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) consistent with the Report. This includes that the ALJ be instructed to: (1) determine if the record contains treatment notes from Dr. Sanchez, and/or obtain treatment notes from Dr. Sanchez; (2) reevaluate the weight given to Dr. Sanchez's opinion in light of any supporting treatment notes; (3) properly weigh the medical evidence and provide a thorough and complete analysis of the weight assigned to each opinion in accordance with SSR 96-2p; (4) reevaluate the weight afforded to Ms. Wells in accordance with SSR 06-03p and reconsider Plaintiff's use of a cane, and if necessary, incorporate such use into Plaintiff's RFC; and (5) provide an accurate RFC based on all relevant medical and non-medical evidence and clearly articulate the rationale underlying the decision, including the basis for including or rejecting the limitations found by medical sources. This matter shall be administratively closed and terminated from the Court's docket.

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge