UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHAD BLEDSOE,                        Case No. 1:09-cv-564
       Plaintiff                                 Barrett, J.
                                                   Litkovitz, M.J.
       vs.

COMMISSIONER OF                   **REPORT AND**
SOCIAL SECURITY,                   **RECOMMENDATION**
       Defendant

       This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 32). The Commissioner has not filed any opposition to plaintiff's motion.

       Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

       In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for

the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under Section 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id*. "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Here, the fee of $10,659.37 requested by plaintiff falls within the 25 percent boundary. Thus, the issue is whether the requested fee is reasonable.[1] *Gisbrecht*, 535 U.S. at 807. Plaintiff asserts the requested fee is reasonable given his attorney's background and experience, the contingency fee agreement, and counsel's success in achieving a favorable result on remand before the Commissioner. (Doc. 32 at 2-3). Plaintiff has submitted a copy of the contingency fee agreements he entered into with counsel under which he agreed to pay counsel a contingency fee of 25 percent of past-due benefits. (Doc. 32, Ex. 2). Plaintiff has also submitted itemized billing sheets demonstrating that his attorney performed a total of 22.50 hours of work on the case in the District Court. (Doc. 32 at 5). Plaintiff therefore requests that the Court award fees "in the amount of $10,659.37, which is 25% of [his] past due benefits and the amount of attorney fees withheld minus the $12,738.38 awarded at the Administrative level and $3,485.00 already received in EAJA fees." (Doc. 32 at 3). As stated above, the Commissioner has not filed any opposition to the fee request.

Dividing the requested fee of $10,659.37 by the 22.50 hours counsel worked on this case before the Court produces a hypothetical hourly fee of $473.75. In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in

---

[1] On remand, an ALJ found plaintiff disabled since July 17, 2004, and the Social Security Administration withheld $26,882.75 for attorney fees – 25% of plaintiff's past due benefits. *See* Doc. 32 at 2.

3

> the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

The *Hayes* "floor" in this case is $3,825.00, which represents 22.50 hours times an hourly rate of $ 170.00 multiplied by 2.[2] Plaintiff's request for $10,659.37 is over twice the *Hayes* floor. In acknowledgment of this, plaintiff asserts that the fee is nevertheless reasonable in consideration of the *Gisbrecht*, *Rodriquez*, and *Hayes* factors. Plaintiff contends that the character of counsel's representation was very good as demonstrated by the District Court's reversal and remand to the Commissioner and the Commissioner's eventual determination that plaintiff is entitled to disability benefits. (Doc. 32 at 2-3). Plaintiff further represents that this award would not result in a windfall for counsel in light of the outcome before the Court and on remand and in consideration of counsel's extensive Social Security legal experience. (*Id.*). Plaintiff emphasizes that the Sixth Circuit held that the *Hayes* "floor" was exactly that – a floor – and awards exceeding the floor may still be reasonable. (*Id.* at 3).

Plaintiff also cites to several cases where District Courts have allowed similar awards. (*Id.*). Plaintiff cites to: (1) *Claypool v. Comm'r of Soc. Sec.*, 294 F. Supp.2d 829, 833-34 (S.D. W.Va. 2003), where the court awarded attorney fees in the amount of $18,000.00 for 12.56 hours of work pursuant to 42 U.S.C. § 406(b); (2) *Dodson v. Comm'r of Soc. Sec.*, No. 4:00-cv-22,

---

[2]Counsel for plaintiff does not provide her specific hourly rate for non-contingency fee cases. Therefore, the Court adopts the hourly rate of $170.00 requested by counsel in connection with the EAJA fee petition. *See* Doc. 24 at 7.

4

2002 WL 31927589, at *2 (S.D. W.Va Oct. 22, 2002), where counsel was awarded $5,000.00 in fees for 7.2 hours of work, reflecting an hourly rate of $694.45; and (3) *Hearn v. Comm'r of Soc. Sec.*, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003), where the Court found that an hourly rate of $450.00 was reasonable and did not constitute a windfall. (*Id.* at 3).

The undersigned finds that the requested fee in the instant case does not constitute a windfall. In making this finding, the Court has considered plaintiff's contingency fee agreement, counsel's experience and significant success in this matter, and the lack of evidence of improper conduct, undue delay, or ineffective assistance of counsel. This matter required counsel to expend more than minimal effort as demonstrated by counsel's success before this Court and in obtaining a finding of disability from the Commissioner on remand. Further, comparable hourly rates have been awarded in similar cases before this Court. *See, e.g., Wright v. Astrue*, No. 3:09-cv-115, 2012 WL 3023258 (S.D. Ohio July 24, 2012) (adopting Report and Recommendation for awarding contingency fee award with a computed hourly rate of $539.57); *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273 (S.D. Ohio Sept. 24, 2012) (approving contingency fee award for $11,745.98 with a computed hourly rate of $546.32); *Burney v. Astrue*, No. 3:07-cv-419, 2011 WL 1675264 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation for awarding contingency fee award of $15,360 where the computed hourly rate was $646.74); *Thacker v. Astrue*, No. 3:08-cv-135, 2011 WL 1660201 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation for awarding contingency fee award of $13,650 with a computed hourly rate of $620.00).

The Court therefore **RECOMMENDS** that plaintiff's §406(b) motion for attorney fees

be **GRANTED** and that counsel be **AWARDED** $$10,659.37 in fees.

Date: 9/23/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHAD BLEDSOE,
    Plaintiff

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:09-cv-564
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).